CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 18 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LCM CORPORATION,<br>　　Plaintiff,<br>v.<br><br>LARRY G. LEACH, ET AL.,<br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:07CV00431<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER**<br><br>By: Samuel G. Wilson<br>United States District Judge |

　　LCM Corporation ("LCM") filed this action in the Circuit Court for the City of Roanoke, alleging contract, tort, and statutory claims against the defendants Larry G. Leach ("Leach"), Robert M. Kulbeth ("Kulbeth"), Del Corporation ("Del"), Pressure Tech Industrial Cleaning Services, Inc. ("Pressure Tech"), Chadwick B. Gabbard ("Gabbard"), Specialized Recovery Solutions, LLC ("Specialized Recovery"), and Daniel Baker ("Baker"). Del and Kulbeth removed the case on diversity grounds. The case is before the court on a motion to remand by LCM, and on defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The court finds that the motion to remand is without merit, and accordingly denies it. The court finds that LCM's complaint is sufficient to state each of the contested claims, and accordingly denies Del and Kulbeth's motion to dismiss. The court also denies defendant Leach's motion to dismiss without prejudice to Leach moving for summary judgment on the same issue on a more fully developed factual record.

I

　　LCM has moved this court to remand the case to Virginia state court because of defendants' alleged failure to file all documents required by 28 U.S.C. § 1446(a). The court finds the documents in question do not fall within the statute's requirement, and so denies LCM's

motion.

The pertinent statutory subsection requires that a removing party provide this court "with a copy of all process, pleadings, and orders served" upon that party. 28 U.S.C. § 1446(a). LCM does not specifically cite how defendants have failed to comply with the statute. However, Del and Kulbeth note they did not include in their filing the discovery requests served upon them with LCM's complaint. These documents are not "process, pleadings, [or] orders" and so § 1446(a) is inapplicable. See, e.g., Visicorp v. Software Arts, Inc., 575 F. Supp. 1528, 1531 (N.D. Cal. 1993). The court therefore denies LCM's motion.

## II

LCM has raised five claims. All five claims arise out of an alleged scheme in which the defendants conspired to induce LCM to hire Leach on false pretenses. Leach then allegedly spent substantial time working surreptitiously for the economic benefit of the defendants to the detriment of LCM. Del and Kulbeth[1] have moved to dismiss three of the five claims: a claim of intentional interference with plaintiff's contractual relationship with Leach; a claim of interference with plaintiff's prospective contracts, business, or economic advantage; and a claim of injury to trade or business pursuant to Va. Code § 18.2-499.

Upon a 12(b)(6) motion, "a court must construe the facts in the complaint, and the inferences drawn from those facts, in the light most favorable to the non-moving party." Sutton v. United Airlines, Inc. 527 U.S. 471, 475 (1999). The court should not dismiss a claim if factual allegations "are enough to raise the right to relief above the speculative level . . . on the

---

[1] Defendants Pressure Tech, Gabbard, Specialized Recovery, and Baker have joined Del and Kulbeth's arguments.

2

assumption that all the allegations in the complaint are true . . . " Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007).

The court has reviewed LCM's complaint and the requisite elements of each claim and has determined that LCM's allegations are sufficient: the complaint is far from wholly conclusory, there are alleged facts which, if true, would establish the requisite elements of each claim, and these facts are sufficiently specific to raise the claim above the level of speculation. The court denies Del and Kulbeth's motion.

### III

Leach also has moved to dismiss LCM's claim that Leach breached his employee confidentiality/non-disclosure agreement by disclosing confidential information provided through his employment with LCM. Leach argues the contractual provision is overbroad and is therefore unenforceable as a matter of law. The court denies the motion without prejudice to Leach's moving for summary judgment on this issue once more facts are developed.

Under Virginia law, a restrictive contractual provision in an employment contract is unenforceable if: (1) the restriction is greater than necessary to protect the employer in some legitimate business interest, (2) the restriction is unduly harsh and oppressive in curtailing the employee's legitimate efforts to earn a livelihood, and (3) the restriction is unreasonable as a matter of sound public policy. Meissel v. Finley, 95 S.E.2d 186, 191 (Va. 1956). However, whether a restrictive contractual provision is enforceable must be decided on the facts of each case. Foti v. Cook, 263 S.E.2d 430, 433 (Va. 1980). In this case, the record reveals very few facts as to the type of confidential information at issue. Moreover, "[i]n judging whether restrictive provisions are unreasonably harsh and oppressive on the covenator, it is relevant to

3

consider the personalities involved as well as the circumstances of the transaction." Meissel, 95 S.E.2d at 191. Few circumstances of the relevant transactions have been revealed at this early stage of the case. Not enough facts are on the record for the court to weigh the competing interests as required by Virginia law. Therefore, the court denies the motion without prejudice to a summary judgment motion raising the same issue once more facts have been developed.

## IV

It is hereby **ORDERED** and **ADJUDGED** that the motion to dismiss by defendants Pressure Tech, Gabbard, Specialized Recovery, Baker, Del and Kulbeth is **DENIED**, defendant Leach's motion to dismiss is **DENIED**, and LCM's motion to remand is **DENIED**.

ENTER: This 18th day of January, 2008.

UNITED STATES DISTRICT JUDGE

4

Case 7:07-cv-00431-SGW-JGW   Document 40-1   Filed 01/18/08   Page 4 of 4   Pageid#: 317